FILED
Dec 20, 2019
07:23 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH FRIEND,<br>　　　　Employee,<br>v.<br>STAPLES,<br>　　　　Employer,<br>and<br>AGRI GENERAL INSURANCE<br>COMPANY,<br>　　　　Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket Number: 2019-03-1017<br><br>State File Number: 46052-2019<br><br><br>Judge: Brian K. Addington |

## EXPEDITED HEARING ORDER

Kenneth Friend alleged he suffered an injury while working for Staples. He seeks medical and temporary total disability benefits. After the expedited hearing on December 13, 2019, the Court holds that Mr. Friend is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of employment. The Court awards medical benefits but denies temporary disability benefits at this time.

### Claim History

Mr. Friend worked as a sales manager for Staples. On June 19, 2019, his job required him to sit on his heels while he changed merchandise in the store's planograms. At some point during the day, he noticed knee pain after getting up from the floor. Although he did not describe a specific incident, he reported the pain to a co-worker. He also joked about his age and pain from working with the store manager, Audrey Henderson, but she did not file an injury report that day.

The next day, as he continued to work on his knees, he noticed increased right-knee pain but finished his shift. When he awoke on June 21, his day off, he noticed his right knee was swollen. When he returned to work on the 22nd, he reported to Ms. Henderson that his knee hurt severely. She told him that reporting a work injury would cause a $3,000.00 loss to the store, but she nevertheless instructed him to call its third-party administrator to start a claim.

1

An adjuster instructed Mr. Friend to go to the emergency room, where he described right-knee pain after twisting at work. The providers diagnosed soft-tissue fullness and joint effusion. They referred him to orthopedist Dr. Todd Griffith.

Mr. Friend told Dr. Griffith that he performed a great deal of squatting and twisting on June 19 and 20 and developed right-knee pain. Dr. Griffith ordered an MRI, which indicated a medial meniscus tear. On July 5, Dr. Griffith recommended arthroscopic repair and took Mr. Griffith off work. Instead of approving the surgery, Staples denied his claim.

Because he could not work, Mr. Friend sought short-term disability benefits. Staples started paying these benefits through the company. The parties dispute how much he was paid. He also works with his family's barbecue business[1] despite his knee pain.

Because of this pain, Mr. Friend uses crutches, although he does not need them all the time.[2] He is willing to undergo the surgery Dr. Griffith recommended.

Concerning Dr. Griffith, both parties sent him causation letters. Dr. Griffith responded to Staples's letter first, stating that Mr. Friend suffered an acute medial meniscus tear and MCL sprain. Dr. Griffith described how the work caused the injury in this manner, "Squatting and twisting at work on 6/19 & 6/20. Within 24 hours, had effusion. Hyperflexed knee w/twist puts stress on posterior horn of medial meniscus and MCL-the injuries noted on MRI & exam."

Dr. Griffith responded to Mr. Friend's counsel's letter answering "yes" to Mr. Friend's work being more than fifty percent the cause of his right meniscal tear considering all causes; the injury was acute; and symptoms from an acute meniscal tear may worsen over time.

Mr. Friend argued that he is likely to prove he suffered an injury primarily caused by his work, even though he cannot point to the exact instance his injury occurred. Staples countered that Mr. Friend's inability to describe a particular accident defeats his claim.

## Findings of Fact and Conclusions of Law

To receive benefits, Mr. Friend must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[1] Mr. Friend greets customers, takes and fills orders, and sets up and tears down equipment. He earns income from the business.

[2] The Court reviewed a lengthy surveillance video that confirmed these facts.

The threshold issue is whether Mr. Friend suffered an injury as defined in the Workers' Compensation Law. Tennessee Code Annotated section 50-6-102(14)(A) provides that an injury is "accidental" only if the injury is caused by a "specific incident or set of incidents means arising primarily out of and in the course and scope of employment[.]" Staples argued Mr. Friend cannot prove an incident or set of incidents at work caused his injury. The Court disagrees.

Mr. Friend told his co-worker and supervisor that he injured his knee at work. He told his medical providers that his injury happened while squatting and twisting at work. Dr. Griffith agreed that his injury was consistent with these actions. Nevertheless, Staples argued that he must be more specific as to the time the injury occurred.

The Court is not sure how he could be more specific. He testified that getting up and down from the floor on June 19 caused pain. He testified that he did the same work the following day and experienced increased right-knee pain after twisting his leg to stand up. That night, he experienced swelling. Dr. Griffith said this activity primarily caused Mr. Friend's medial meniscal tear, and Staples presented no evidence that Mr. Friend injured his leg elsewhere. The evidence establishes that the incident or set of incidents at work caused his injury. Thus, the Court holds Mr. Friend is likely to prove at a hearing on the merits that his right-knee condition arose primarily out of his employment with Staples.

In light of this conclusion, the Court turns first to Mr. Friend's request for medical benefits. Dr. Griffith, the authorized physician, recommended surgery. Mr. Friend is willing to undergo it. The Court holds that Mr. Friend is likely to prove that Dr. Griffith's recommendations are necessary and reasonable to treat his condition, as it is the only medical opinion concerning the issue.

Next, Mr. Friend requested past temporary disability benefits from the date of injury. To establish entitlement, he must show he (1) became disabled from working due to a compensable injury, (2) a causal connection between the injury and his inability to work, and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Staples paid Mr. Friend's wages through July 5 as he continued to work. Dr. Griffith took Mr. Friend off work that day, but he applied for and continues to receive short-term disability benefits from Staples. The Court notes that Staples is entitled to set off any temporary disability benefits from any payment under an employer-funded disability plan. *See* Tenn. Code Ann. § 50-6-114(b). Mr. Friend also worked for his family's barbecue business for several weeks after the injury, which would also serve to reduce or exclude any temporary disability benefits. Under these circumstances, the Court denies Mr. Friend's request for temporary disability benefits at this time.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Staples shall approve the knee surgery Dr. Griffith recommended and provide further medical benefits under Tennessee Code Annotated Section 50-6-204.

2. Mr. Friend's request for temporary disability benefits is denied at this time.

3. This case is set for a Scheduling Hearing on **February 20, 2020,** at **1:00 p.m.**, ET. Call toll-free at **855-543-5044** to participate in the hearing. Failure to call might result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2019). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED December 20, 2019.**

                        _/S/ Brian K. Addington_
                        **BRIAN K. ADDINGTON, JUDGE**
                        **Court of Workers' Compensation Claims**

# APPENDIX

## Exhibits:

1. Kenneth Friend's Affidavit
2. First Report of Injury
3. Wage Statement
4. Medical Records-Blount Memorial Hospital
5. Medical Records-Ortho Tennessee
6. Employee's Questionnaire to Dr. Todd Griffith
7. Sworn Declaration of Records Custodian
8. Photograph
9. Work Status Note of Dr. Todd Griffith
10. Employer's Questionnaire to Dr. Todd Griffith
11. Surveillance Video

## Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Brief in Support of Employee's Request for an Expedited Hearing
5. Affidavit of Timothy Roberto
6. Motion for Evidentiary Hearing
7. Order Denying Decision on the Record and Setting Evidentiary Hearing
8. Notice of Independent Medical Examination
9. Motion for Protective Order
10. Employee's Response to Employer's Motion for Protective Order
11. Notice of Filing of Deposition
12. Order of Protection
13. Pre-Hearing Brief
14. Pre-Expedited Hearing Brief
15. Employer's filing of Amended Witness List
16. Employer's filing of Witness and Exhibit List for Expedited Hearing
17. Notice of Late-Filed Exhibit of Photograph
18. Notice of Late-Filed Exhibit of July 5, 2019 Work Status Note
19. Plaintiff's Counsel's affidavit and documents to support motion to exclude.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 20, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Tim Roberto, Employee's Attorney | | | X | troberto@brownandroberto.com jlampien@brownandroberto.com |
| Allen Callison, Employer's Attorney | | | X | allen.callison@mgclaw.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____ 2. Address: _____

3. Telephone Number: _____ 4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____         (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____         (FMV) _____

Other                   $ _____         Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082